IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CONIGLIARO and BURTON TREBOUR, As Trustees and Fiduciaries of the LODGE 447 FRINGE BENEFIT TRUST FUND, 2185 Lemoine Avenue Fort Lee, NJ 07024<br><br>            Plaintiffs<br><br>    v.<br><br>MARTIN CADILLAC LLC 374 Route 9W Englewood Cliff, NJ 07632, and TIMOTHY F. MARTIN, individually,<br><br>            Defendants | CIVIL ACTION NO. 10-3263(WJM) |

# COMPLAINT

Plaintiffs, JAMES CONIGLIARO and BURTON TREBOUR, trustees and fiduciaries of the LODGE 447 FRINGE BENEFIT TRUST FUND (collectively the "Trustees"), by their attorneys, Klein Zelman Rothermel LLP, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action brought by fiduciaries to enforce the provisions of a collective bargaining agreement and statutory obligations imposed on the Defendants by §§ 502(a)(2) and (3)(B)(ii), 502(g) and 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §§ 1132(a)(2) and (3)(B)(ii), 1132(g) and 1145, to collect delinquent employee benefit fund contributions.

{00101441;4}

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, and § 301(a) of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. § 185(a).

3. Venue properly lies in the United States District Court for the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Lodge 447 Fringe Benefit Trust Fund (hereinafter "the Fund") is administered in New Jersey.

## PARTIES

4. Plaintiffs are Trustees of the Fund and are fiduciaries of the Fund within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and the plan sponsor within the meaning of ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

5. The Fund is a "employee welfare benefit plan" and "multiemployer plan" within the meaning of ERISA §§ 3(1) and (37)(A), 29 U.S.C. §1002(1) and (37)(A), which is maintained for the purpose of providing dental and optical benefits to eligible participants. The Fund is established and maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. The Fund is administered in offices located at 2185 Lemoine Avenue, Fort Lee, New Jersey 07024.

7. Upon information and belief, Defendant Martin Cadillac, LLC (hereinafter referred to as "Martin Cadillac") is a domestic limited liability company with its principal place of business located at 374 Route 9W, Englewood Cliff, New Jersey 07632.

8. Upon information and belief, at all times material to this action Martin Cadillac has been an "employer" and its activities have involved or affected interstate commerce within the meaning of ERISA § 3(5), (11) and (12), 29 U.S.C. § 1102(5), (11) and (12).

00092024;1

9. Upon information and belief, Timothy Martin resides or may be found in the State of New Jersey.

10. Upon information and belief, at all times material to this action Timothy Martin was President and CEO of Martin Cadillac, and an officer and shareholder of Martin Cadillac.

11. Upon information and belief, at all times material to this action Timothy Martin exercised ownership, management, supervision, operation and/or control over Martin Cadillac and its accounts.

12. Upon information and belief, at all times material to this action Timothy Martin was a fiduciary of the Fund within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

## FACTS

13. At all times relevant hereto, Martin Cadillac has been a party to one or more collective bargaining agreements with District 15 of the International Association of Machinists and Aerospace Workers, AFL-CIO (the "Union") whereby Martin Cadillac agreed to make full and timely payments to the Fund to pay for the Fund's extension of coverage for dental and optical benefits to the employees of Martin Cadillac.

14. At all times relevant hereto, Martin Cadillac was and continues to be an employer obligated to make contributions to the Fund under the terms of the aforementioned collective bargaining agreements.

15. Pursuant to the aforementioned collective bargaining agreements, Martin Cadillac has employed and continues to employ members of the Union and has become and continues to be obligated to make employee benefit contributions to the Fund in accordance with the terms of the aforementioned collective bargaining agreements and the Trust Agreement establishing the Fund, which binds Martin Cadillac as a contributing employer.

16. Martin Cadillac has failed and/or refused to pay benefit contributions due to the Fund for the months of February 2010 through May 2010 in the total amount of $6,841.88, including $ 2,398.70 in employee contributions, and continues to fail to pay benefit contributions due to the Fund.

17. Upon information and belief, Martin Cadillac has withheld from the paychecks of its employees as employee contributions to the Fund the amount of $ 2,398.70.

18. Martin Cadillac and Timothy Martin were and continue to be obligated to forward such employee contributions to the Fund.

19. Martin Cadillac and Timothy Martin have failed and continue to fail to forward to the Fund employee contributions beginning in February 2010 and continuing to the present date.

20. By retaining employee contributions and not remitting them to the Fund on a timely basis, Timothy Martin exercised discretionary control over assets of the Fund and was a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

21. By failing to remit employee contributions to the Fund and retaining those contributions in the general assets of Martin Cadillac, Timothy Martin used Plan assets for the benefit of a party-in-interest in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

22. Plaintiffs restate and incorporate by reference each and every allegation of Paragraphs 1 though 21 of the Complaint.

23. By failing to pay contributions owed to the Fund, Defendant Martin Cadillac has and continues to violate ERISA § 515, 29 U.S.C. § 1145.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

24. Plaintiffs restate and incorporate by reference each and every allegation of

Paragraphs 1 though 23 of the Complaint.

25.  By failing to forward employee contributions to the Fund, Defendant Timothy Martin has and continues to breach his fiduciary duties under ERISA § 406, 29 U.S.C. § 1106, and is personally liable to the Fund for the losses resulting from said breach under ERISA § 409, 29 U.S.C. § 1109.

## AS AND FOR A THIRD CAUSE OF ACTION

26.  Plaintiffs restate and incorporate by reference each and every allegation of Paragraphs 1 through 25 of the Complaint.

27.  The Trust Agreement establishing the Fund provides that in any proceeding to recover contributions due to the Fund the Trustees may seek all damages, including interest at the rate of 9% per year, liquidated damages of 20% of the unpaid contributions, costs and legal fees.

28.  Pursuant to the terms of the Trust Agreement and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendants are liable to the Fund for interest, liquidated damages, attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in favor of Plaintiffs and against Defendants, and more particularly that the Court:

(a)  Order Defendant Martin Cadillac to pay the full amount of delinquent contributions owed the Fund for the period between February 1, 2010 and May 31, 2010 in the amount of $6,819.04, pursuant to ERISA § 502(g)(2)(A), 29, U.S.C. §1132(g)(2)(A);

(b)  Order Defendant Timothy Martin personally to pay to the Fund the amount of employee contributions withheld from the wages of the employees of Martin Cadillac for the period between February 1, 2010 and May 31, 2010 in the amount of $2,398.70, pursuant to ERISA § 409, 29 U.S.C. § 1109;

(c)  Order Defendants to pay delinquent contributions owed to the Fund for the

        period beginning on June 1, 2010 and continuing until the final resolution of this case in an amount to be determined by the Court, pursuant to ERISA §§ 409 and 502(g)(2)(A), 29, U.S.C. §§ 1109 and 1132(g)(2)(A);

(d)    Order Defendants to pay to the Fund:

    (1)    interest calculated at a rate of nine percent (9%) per annum calculated from the date each contribution became delinquent,

    (2)    liquidated damages in an amount equal to the greater of (a) the amount of interest awarded in paragraph (1) above, or (b) twenty percent (20%) of the principal delinquency,

    (3)    attorneys' fees and costs,

all as required by ERISA § 502(g)(2), 29 U.S.C. § 1132 (g)(2) and by the terms of the Fund's Trust Agreement; and

(e)    Such other and further relief the court finds just and proper.

        KLEIN ZELMAN ROTHERMEL LLP

BY: _____
        PETER J. DUGAN
        PDugan@kleinzelman.com
        Attorneys for Plaintiffs
        485 Madison Avenue
        New York, NY 10022
        (212) 935-6020

Dated:  June 22, 2010